# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA GASTELUM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELAINE C. DUKE, Acting Secretary of the United States Department of Homeland Security, et. Al,; ARMANDO GONZALEZ, <br><br> Defendants. | Case No.: 17-cv-0576-W-BLM <br> [Related to 16-cv-0374, 16-cv-0725, 16-cv-0750, 16-cv-0797] <br><br> **ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS [DOC. 12]** |

    Pending before the Court is a motion to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Elaine C. Duke[1], in her official capacity as Acting Secretary of the United States Department of Homeland Security ("Federal Defendant"). Plaintiffs oppose. The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Elaine C. Duke, who currently serves as the Acting Secretary of the U.S. Department of Homeland Security, is substituted into this action for defendant John F. Kelly. See Cheney v. U.S. Dist. Court for D.C., 541 U.S. 913, 917 (2004) ("federal law provides for automatic substitution of the new officer when the originally named officer has been replaced.") (citing Fed. R. Civ. P. 25(d)).

1

7.1(d.1). For the reasons that follow, the Court **GRANTS** the motion [Doc. 12] to dismiss Federal Defendant **WITHOUT LEAVE TO AMEND**.

I.  **BACKGROUND**

Plaintiffs Alma Gastelum, Heidi Dominguez, Alma Nallely Fuentes, Marisela Gutierez, Idelle J. Montanez, and Cecilia Ruiz were employed by Robert McDonough, who in turn had a contract with Federal Defendant to clean the U.S. Customs and Border Protection ("CBP") facility in San Ysidro, California. (*FAC* ¶ 9, 10.) Defendant Armando Gonzalez was a Supervisory Border Patrol Agent for the CBP at the San Ysidro office. (*Id.* ¶¶ 11, 20.)

According to the FAC, beginning in approximately July of 2013, Gonzalez installed a hidden video camera in the bathroom at the CBP office. (*FAC* ¶ 20.) He used the camera to record images of women as they undressed in the bathroom and used the toilet. (*Id.*) On January 9, 2015, the video camera was found, along with memory cards and other digital media that contained images of the women using the bathroom. (*Id.* ¶ 23.) Eventually, Gonzalez pled guilty to filming his female co-workers. (*Id.* ¶ 34.)

In April of 2015, the "Department of Justice contacted Plaintiff Gastelum and identified her as a victim identified during the investigation of the criminal matter." (*FAC* ¶ 33.) By mid-October of 2015, Plaintiffs' attorneys began putting together Federal Tort Claims Act ("FTCA") claims for Plaintiffs. (*Clemens Decl.* [Doc. 17-1] ¶ 4.) On January 5, 2016, the claims were mailed to the CBP at an address found on the CBP's website. (*Id.* ¶¶ 3, 5.)

After mailing the claims, Plaintiffs did not hear from the CBP. On March 23, 2017, Plaintiffs filed this lawsuit against Federal Defendant and Gonzalez, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, and a variety of common law tort claims under the FTCA. During a May 11, 2017 meeting between the parties' attorneys, Plaintiffs' attorneys were told that the CBP never received the

2

17-cv-0576-W-BLM
[Related to 16-cv-0374, 16-cv-0725, 16-cv-0750, 16-cv-0797]

administrative claims. (*Clemmens Decl.* ¶ 8.) Plaintiffs' attorneys then handed copies of the claims to Federal Defendant's attorney. (*Id.*)

Federal Defendant now moves to dismiss on the ground that the Court lacks subject-matter jurisdiction over the Title VII and FTCA claims because Plaintiffs failed to exhaust their administrative remedies.[2] (*Def.'s Mot.* [Doc. 12-1] 2:8-10.) Plaintiffs oppose the motion. (*See Opp'n* [Doc. 17].)

## II. LEGAL STANDARD

Rule 12(b)(1) provides a procedural mechanism for a defendant to challenge subject-matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Where jurisdiction is intertwined with the merits, we must assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks, brackets, ellipsis and citations omitted).

A facial attack challenges the complaint on its face. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). But when the moving party raises a factual challenge to jurisdiction, the court may look beyond the complaint and consider extrinsic evidence, and "need not presume the truthfulness of the plaintiff's allegations." Id. Once the defendant has presented a factual challenge under Rule 12(b)(1), the burden of proof shifts to the plaintiff to "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.

---

[2] Federal Defendant also argues Plaintiffs' tort claims should be dismissed because the FAC's allegations are insufficient to state a claim. Because the Court finds that subject-matter jurisdiction is lacking, this Order does not address the Rule 12(b)(6) challenge.

3

## III. DISCUSSION

### A. Title VII Claims

Federal Defendant argues this Court lacks subject-matter jurisdiction over Plaintiffs' Title VII claims because Plaintiffs failed to file administrative EEO claims before filing this lawsuit. (*Reply* [Doc. 18] 2:22–23.) Plaintiffs do not dispute that they did not file EEO claims, but instead argue the court should exercise its equitable power to allow them to file late EEO claims. (*Opp'n* 10:22–25, 11:22–12:3.)

Before filing a Title VII lawsuit, a plaintiff must exhaust administrative remedies. 42 U.S.C. § 2000e-16(c); Sommatino v. United States, 255 F.3d 704, 707–08 (9th Cir. 2001). In order to do so, a federal employee claiming discrimination must contact an EEO counselor within 45 days of the alleged misconduct and then, if the matter is not resolved, submit a formal administrative complaint. 29 C.F.R. §§ 1614.105, 1614.106. The Ninth Circuit has held that "[i]n cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction." Sommatino, 255 F.3d at 708. Additionally, although "[e]quitable estoppel and equitable tolling can extend the deadline for filing when equity so requires[,] … equitable remedies are unavailable in federal court when the record shows that no administrative filing was ever made." Id. at 710 (citing Zipes, 455 U.S. at 398; Ross v. United States Postal Service, 696 F.2d 720, 722 (9th Cir.1983)).

Here, there is no dispute that Plaintiffs failed to contact an EEO counselor, and did not file an administrative complaint. Under Sommatino, equitable tolling or estoppel cannot extend the deadline for Plaintiffs to file a late administrative complaint. For this reason alone, the Court lacks subject-matter jurisdiction over their Title VII claims.

Additionally, even if the failure to file an administrative claim did not preclude them from equitable remedies, Plaintiffs have failed to demonstrate they are entitled to tolling. The party seeking equitable tolling "bears a heavy burden to show that [they are] entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781

4

17-cv-0576-W-BLM
[Related to 16-cv-0374, 16-cv-0725, 16-cv-0750, 16-cv-0797]

F.3d 1043, 1055 (9th Cir. 2014)  A "litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 755 (2016).

Here, Plaintiffs seem to suggest that tolling should be applied because they were unaware of the need to file an administrative complaint.  According to Plaintiffs, unlike a regular federal employee, they were never notified about the exhaustion requirement because they did not sue their civilian employer, Robert McDonough, and they had no reason to believe they were federal employees or on loan to the federal government. (*Opp'n* 7:22–8:5.)  The problem with this argument is that by mid-October 2015, Plaintiffs were represented by counsel, who was preparing Plaintiffs' FTCA administrative claims.  (*See Clemens Decl.* ¶ 4.)  Accordingly, even if Plaintiffs' lack of knowledge justified equitable tolling, it would have ended in mid-October 2015 when Plaintiffs were represented by counsel.  See Davenport v. Astrue, 2011 WL 1336404, *2 (S.D.Cal. Jan. 19, 2011) ("equitable tolling is not available when the plaintiff was represented by counsel during the relevant period of time.") (citing Leorna v. United States Dept. of State, 105 F.3d 548, 551 (9th Cir. 1997)).  Because Plaintiffs did not file claims within 45 days of mid-October 2015, equitable tolling does not help them.

Because Plaintiffs failed to file an EEO administrative complaint, the Court lacks subject-matter jurisdiction over their Title VII claims.

### B.   FTCA Claims

Federal Defendant argues the Court lacks subject-matter jurisdiction over Plaintiffs' FTCA Claims for intrusion and negligence because Plaintiffs failed to present their administrative claims before this lawsuit was filed. (*Def's Mot.* 9:1–3.)  Plaintiffs contend they presented the administrative claims to Federal Defendant during a May 2017 meeting between the parties' attorneys.  (*Opp'n* 13:19–27, 17:14–20.)  However,

5

because the two-year FTCA statute of limitations had expired by then, Plaintiffs argue they are entitled to equitable tolling. (*Id.*)

An FTCA claim will "be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). An administrative claim is deemed presented when the Federal agency receives it. <u>Bailey v. United States</u>, 642 F.2d 344, 347 (9th Cir. 1981) (citing 28 C.F.R. § 14.2). Although the FTCA's claim-presentation requirement is jurisdictional, the two-year limitation period is not and is, therefore, subject to equitable tolling. <u>United States v. Kwai Fun Wong</u>, 135 S.Ct. 1625, 1637 (2015).

Equitable tolling applies if a litigant establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Menominee Indian Tribe of Wis. v. United States</u>, 136 S. Ct. 750, 755 (2016). Further, equitable tolling "[does] not extend to what is at best a garden variety claim of excusable neglect." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 90 (1990).

Here, Plaintiffs contend that on January 6, 2016, they mailed their administrative tort claims to Federal Defendant at an address found on the CBP's website. (*Opp'n* 12:11–13:5.) Plaintiffs contend, however, that the address listed on the website was wrong in that it listed the incorrect city (Imperial Beach, instead of San Diego) and zip code (92154 instead of 91933), and as a result the claims were never delivered. (*Id.* 13:1–15, 4:5–8; *Clemmens Decl.* ¶¶ 5, 6, 9.) Plaintiffs further contend they first learned the claims were not delivered on May 11, 2017, when Federal Defendant's attorney told Plaintiffs' counsel that the CBP never received the claims. (*Opp'n* 13:16–27, 17:15–16; *Clemmens Decl.* ¶ 8.) Plaintiffs' attorney then presented the administrative claims to Federal Defendant's attorney. (*Id.*) In subsequent conversations, Federal Defendant's attorney pointed out that the incorrect address was used. (*Id.* 13:28–14:1; *Clemmens Decl.* ¶ 9.)

There is no doubt that these facts demonstrate Plaintiffs acted diligently in preparing and mailing their administrative claims. The problem, however, is with the two years and four months that passed before Plaintiffs discovered the claims were not delivered to the CPB. Plaintiffs' administrative claims were sent to the CBP "Via Certified U.S. Mail," which provided a tracking number so Plaintiffs could confirm the claims were delivered. (*Clemmens Decl.* Ex. 1 at p.1) According to Federal Defendant, as of the filing of the present motion, the package containing Plaintiffs' claims was still identified as "in-transit" and thus had not been delivered. (*Def's Mot.* 7:12–14, n 4.) There is no indication from Plaintiffs that they ever checked the tracking number on the package, and instead admit they did not find out that the claims were not delivered until May 2017. (*Id.* ¶ 8.) This is particularly troubling given that in the two-years and four months that passed between the mailing of the claims and the May 2017 attorneys' meeting, Plaintiffs never heard from the CBP, yet failed to take any steps to check on the status of the claims.

Given these facts, the Court cannot find Plaintiffs acted with diligence in pursuing their claims or that extraordinary circumstances prevented the timely presentment of their administrative claims. Because Plaintiffs FTCA administrative claims were filed after the 2-year statute of limitations, the Court lacks subject-matter jurisdiction.

IV. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** the motion to dismiss Federal Defendants [Doc. 12] **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated: November 27, 2017

Hon. Thomas J. Whelan
United States District Judge